No. 01-356

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 295N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MARK WILLIAM WALTER,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark William Walter (pro se), Bonner, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Jennifer M. Anders,

Assistant Attorney General, Helena, Montana; Stephanie Shanler, Legal Intern

Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs: November 8, 2001
Decided: December 21, 2001

Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Mark William Walter ("Walter"), appearing pro se, appeals from the March 13, 2001, Order denying his motion to dismiss and Judgment of the Montana Fourth Judicial District Court, Missoula County, determining that Walter violated § 87-2-103, MCA, when he fished in Crystal Lake, Missoula County, on June 30, 2000, without a valid Montana fishing license.

¶3 We affirm.

¶4 The following issue is presented on appeal: Whether the District Court erred in determining that the Montana Department of Fish, Wildlife, and Parks may require the disclosure of an individual's social security number prior to issuing a fishing license?

## BACKGROUND

¶5 Walter was issued a citation by an officer of the Montana Department of Fish, Wildlife and Parks ("FWP") on June 30, 2000, for fishing without a license in Crystal Lake, Missoula County, in violation of § 87-2-103, MCA. Walter was prosecuted in the Justice Court and found guilty of fishing without a license on October 18, 2000. The Justice Court sentenced Walter to pay a $100.00 fine and a $20.00 surcharge payable to the County Attorney's Surcharge Fund.

¶6 Walter appealed the Justice Court's verdict and sentence. Pursuant to § 46-17-311(1),

MCA, the District Court tried the case anew. Walter waived his right to a jury trial. Prior to the bench trial, Walter filed a motion to dismiss. In his motion, Walter claimed that it is a violation of federal law for the State to require disclosure of his social security number prior to issuing him a fishing license. The District Court delayed consideration of Walter's motion until trial, pursuant to § 46-13-104, MCA. A bench trial was held on February 21, 2001.

¶7 On March 13, 2001, the District Court issued its Order and Judgment denying Walter's motion to dismiss, finding Walter guilty of fishing without a license in violation of § 87-2-103, MCA, and imposing a fine of $100.00 and a $20.00 surcharge. The District Court determined that "it is not a violation of federal law for the State of Montana to require an applicant to provide his or her social security number on a license application, if the social security number will be used to administer taxes or assist in the tracking of parents who are delinquent in their child support payments." Further, the District Court found that Walter did not have a valid Montana fishing license as required by § 87-2-103, MCA, nor did Walter qualify under the criteria listed in §§ 87-2-801 through 808, MCA, for an exemption of the license requirement. Walter appeals.

## STANDARD OF REVIEW

¶8 We review a district court's conclusions of law to determine whether the court correctly interpreted the law. *State v. Romain*, 1999 MT 161, ¶ 14, 295 Mont. 152, ¶ 14, 983 P.2d 322, ¶ 14 (citations omitted).

## DISCUSSION

¶9 Whether the District Court erred in determining that the Montana Department of Fish, Wildlife, and Parks may require the disclosure of an individual's social security number prior to issuing a fishing license?

¶10 Walter does not challenge the fact that he was fishing without a license. Rather, he disputes the legality of FWP's requirement that individuals must disclose their social security numbers prior to obtaining a fishing license. Walter claims that he attempted to obtain a fishing license from FWP. Yet, he was denied a license when he did not provide his social security number. Walter maintains he does not have a social security number and therefore cannot provide such.

¶11 Moreover, Walter contends that FWP violated 5 U.S.C. § 552a(b), Pub. L. No. 93-579, § 7(a)(1), 88 Stat. 1909, and 42 U.S.C. § 408 (8) when FWP denied him his natural right to fish based on his failure to provide his nonexistent social security number. Walter alleges those statutory provisions state that it is unlawful for any federal, state, or local agency to deny an individual any right provided by law because of such individual's refusal to disclose his or her social security number. In addition, Walter asserts the State may only use social security numbers for the enforcement of child support orders. However, Walter states no such orders exist against him. In summary, Walter argues that the State lacks the requisite authority to prosecute him for this violation and similarly the District Court was without jurisdiction to convict him of fishing without a license.

¶12 The State maintains Walter's claim should be dismissed because he failed to support his argument with either case law or statutory authority. We disagree. Although Walter did not provide case law to support his arguments, he did provide federal statutory authority to support his claims. Accordingly, we will address Walter's claims.

¶13 The State contends 5 U.S.C. § 552a(b) and 42 U.S.C. 408(8) do not pertain to an individual's loss of rights resulting from a refusal to provide his or her social security number. Instead, the State argues 5 U.S.C. § 552a(b) pertains to administrative procedures regarding the conditions of disclosure to which government agencies must adhere to in releasing records such as social security numbers. The State points out that Walter does not contend that his social security number has or will be released in violation of the disclosure requirements stated in 5 U.S.C. § 552a(b). In addition, the State claims 42 U.S. C. § 408(a)(8) applies to penalizing individuals who perpetrate social security fraud and does not address whether the government may deny an individual a right for failure to disclose his or her social security number. We agree. Therefore, we conclude FWP's requirement that individuals disclose their social security numbers prior to obtaining a fishing license is not prohibited by 5 U.S.C. § 552a(b) or 42 U.S.C. § 408(a)(8).

¶14 The State acknowledges that § 7(a)(1) of Pub.L. 93-579 more directly relates to Walter's argument that it is unlawful for a government agency to deny an individual a right because of such individual's refusal to disclose his or her social security number. However, the State correctly points out that § 7(a)(2)(A) of Pub.L. 93-579 provides an exception where disclosure is required by federal statute. Section 7 of Pub.L. 93-579, provides, in part:

(a)(1) It shall be unlawful for any Federal, State or local government agency to

deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

(2) the provisions of paragraph (1) of this subsection **shall not apply** with respect to

(A) **any disclosure which is required by Federal statute,** or

. . . .

(b) Any Federal, State, or local government agency which requests an individual to disclose his social security account number shall inform that individual whether that disclosure is mandatory or voluntary, by what statutory or other authority such number is solicited, and what uses will be made of it. [Emphasis added.]

¶15 The State contends 42 U.S.C. § 666(a)(13)(A) authorizes a disclosure requirement. The State explains that 42 U.S.C. § 666(a) and § 666(a)(13)(A) of Title IV-D of the Social Security Act require states to implement laws requiring any applicant of a recreational license to state his or her social security number on such application for the purpose of improving the effectiveness of child support enforcement. Thus, the Montana Legislature amended § 87-2-106, MCA, in 1999 to require that a fishing license applicant disclose his or her social security number for use in administering Title IV-D of the Social Security Act.

¶16 Moreover, § 87-2-106, MCA, complies with the notification guidelines required by § 7(b) of Pub.L 93-579. Specifically, § 87-2-106(1), MCA, provides that the disclosure requirement is mandatory and § 87-2-106(9), MCA, notifies applicants that: "The department shall keep the applicant's social security number confidential, except that the number may be provided to the department of public health and human services for use in administering Title IV-D of the Social Security Act." Accordingly, we hold that § 87-2-

106, MCA, does not violate federal law. Therefore, we conclude that Walter was required to disclose his social security number prior to obtaining a Montana fishing license. Further, we conclude that Walter's act of fishing without a license is not excused by his failure to obtain and then disclose his social security number.

¶17 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

Justice Jim Rice specially concurring.

¶18 I concur with the Court's opinion, and its application of the state and federal statutes at issue. The Court does not resolve one issue raised by Walter on appeal: that because he does not have a social security number, FWP unlawfully denied his application for a fishing license for failure to produce a number. Walter thus argues that he cannot be found in violation of the statute requiring a fishing license.

¶19 The Court cannot resolve this issue. Walter offers absolutely no authority in support of this argument, and provides no indication that he raised the issue in the District Court, which did not address the issue in its order. Further, the State fails to address the issue. Therefore, I find the Court's disposition of this matter to be appropriate.

/S/ JIM RICE